# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

ERIBERTO GALDAMEZ,

               Plaintiff,

vs.

JOSEPH LOMBARDO, *et al*.,

               Defendants.

Case No. 2:15–cv–2098–RFB–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      This matter involves Eriberto Galdamez's civil-rights action against Sheriff Joe Lombardo and District Judge Michael Villani. Before the court are Mr. Galdamez's application to proceed *in forma pauperis* and his complaint. For the reasons stated below, Mr. Galdamez is granted *in forma pauperis* status and his complaint should be dismissed without prejudice.

I.    ***Application to Proceed* In Forma Pauperis**

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Plaintiff asserts that he is incarcerated, unemployed, and has no money in a bank account or in his prisoner account. He also asserts that family donates money to him for personal needs and that he has three minor children at home. The court finds that these circumstances warrant granting Plaintiff *in forma pauperis* status.

## II.   *Screening Plaintiff's Complaint*

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to section 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Here, Mr. Galdamez states a claim under section 1983 against Sheriff Joe Lombardo and District Judge Michael Villani. He alleges that his Eighth Amendment right to be free from excessive bail has been violated by Judge Villani in an ongoing state-court prosecution because Judge Villani set Mr. Galdamez's bail at $400,000.00. Mr. Galdamez has been a resident of Las Vegas for 24 years. He contends that it would be more appropriate for Judge Villani to place him under house arrest.

The courts finds that it must abstain from adjudicating Mr. Galdamez's action. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

*Younger* abstention is required if the state proceeding is (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Mr. Galdamez's action warrants abstention. The complaint plausibly shows that there is: (1) an ongoing state proceeding; (3) important state interests pertaining to Nevada's administration of criminal justice; and (3) an adequate opportunity for Mr.

Galdamez to litigate his federal constitutional claim in state court. Therefore, the court should abstain from hearing Mr. Galdamez's action.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (Doc.#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#1).

IT IS RECOMMENDED that the court ABSTAIN from hearing Mr. Galdamez's action under *Younger v. Harris*, 401 U.S. 37 (1971), and that it be DISMISSED without prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

/// /// ///

/// /// ///

/// /// ///

3

DATED this 9th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE